# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **I.D.: 2207008089** |
| v. | ) | |
| | ) | |
| JAMES L. GARFIELD, | ) | |
| | ) | |
| **Defendant.** | | |

## ORDER ON DEFENDANT'S SECOND MOTION TO MODIFY SENTENCE

On June 18, 2024 the Defendant, James L. Garfield, filed a Motion to Modify his sentence under Superior Court Criminal Rule 35. Having considered the Defendant's Motion and this Court's review of the record, it appears to the Court that:

1) On July 28, 2023, a grand jury convicted James L. Garfield ("Defendant") of Rape in the Third Degree; Sexual Abuse of a Child by a Person in Position of Trust in the Second Degree; and Rape in the Fourth Degree. On these charges the Defendant was sentenced as follows: 25 years at Level 5, suspended after 3 years at Level 5, for 6 months at Level 4 DOC Discretion, followed by 2 years at Level 3 for Rape in the Third Degree; Sexual Abuse of a child by a Person in Position of Trust, 4 years at Level 5, suspended after 3 years Level 5, for 2 years Level 3; Rape in the Fourth Degree, 4 years at Level 5, suspended after 2 years Level 5, for 2 years at Level 3. All Level 5 time is to be served consecutively and all Level 3 time is to be served concurrently.

2) Defendant, through the instant Motion to Modify his sentence, requests that the Court amend his sentence to reduce his Level V time from 8 years to 4 years, all to be conditioned upon completion of Transitions Sex Offender program. All Level V time to be served consecutively.

3) The Court may consider such a request "without presentation, hearing or argument."[1] When considering motions for sentence reduction or modification, this Court addresses any applicable bars before turning to the merits.

4) On October 27, 2023 the Court denied Defendant's First Motion to Modify the Sentence.

5) Superior Court Criminal Rule 35(b) provides that the Court "many reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[2] Under Rule 35(b), the Court may consider reducing or modifying the term or conditions of partial confinement or probation at any time. Rule 35(b), however, further provides that the Court "***will not consider repetitive requests*** for reduction of sentence."[3]

6) This is Garfield's second motion under Rule 35(b) for modification of his sentence. For this reason alone, the Second Motion is DENIED as repetitive.[4]

---

[1] Superior Court Criminal Rule 35.

[2] Super. Ct. Crim. R. 35(b).

[3] *Id.* (Emphasis added).

[4] *State v. Burton*, 2020 WL 63057888, at *2 (Del. Super., June 5, 2020) (the bar to considering repetitive motions has no exceptions). *See Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 25(b) "prohibits the filing of repetitive sentence reduction motions."); *Morris v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE) (finding that defendant's Rule 35(b) motion for modification was repetitive, which also precluded its consideration by the Superior Court.").

7)      Even if the merits of the Second Motion were addressed, Defendant provides no additional information that would warrant a reduction or modification of this sentence. Thus, the sentence is appropriate for all reasons stated at the time of sentencing.

Accordingly, the Court will exercise its discretion under Rule 35(b)[5] and **DENY** Mr. Garfield's Second Motion for Modification.

**IT IS SO ORDERED** this 28th day of June, 2024.

/s/ *Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

Encl.
*Original to Prothonotary*
cc:     Nicole Whetham Warner, Deputy Attorney General
        Mr. James L. Garfield, ID 2207008089, JTVCC (w/o Encl.)

---

[5]      *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").